FILED
CLERK, U.S. DISTRICT COURT

AUG 25 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS RAESHAUN BELL, | NO. CV 07-8187-GW(E) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| COUNTY OF LOS ANGELES, et al., | |
| Defendants. | |

**PROCEEDINGS**

On January 10, 2008, Plaintiff filed a "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" against Defendants Deputy Sheriff Barrios, County of Los Angeles, Sheriff Leroy D. Baca and Sergeant Fredericks. On February 20, 2008, all Defendants filed an Answer.

On April 25, Defendants Baca and Fredericks filed a motion for summary judgment. On May 15, 2008, Defendant County of Los Angeles filed a motion for summary judgment. By Orders dated April 25, 2008 and May 15, 2008, the Court advised Plaintiff of the requirements of

Rule 56 of the Federal Rules of Civil Procedure, in conformity with Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999). Plaintiff filed opposition to the motion of Defendants Baca and Fredericks on May 30, 2008. Plaintiff filed opposition to the motion of Defendant County of Los Angeles on June 20, 2008. Plaintiff's oppositions included declarations and requests for judicial notice. The Court has taken all of these matters under submission without oral argument.

**FACTUAL BACKGROUND**

Plaintiff, currently incarcerated in the California Medical Facility at Vacaville, formerly was a pretrial detainee in the Men's Central Jail in Los Angeles. Plaintiff alleges that Deputy Barrios strip searched Plaintiff at the Men's Central Jail in a single incident occurring on or about March 30, 2006. According to Plaintiff, Defendant Barrios tapped and rubbed Plaintiff's buttocks with a flashlight and also made vulgar and degrading comments regarding Plaintiff's gender, anatomy and sexuality. Plaintiff reportedly is a transsexual.

Plaintiff alleges she sent to Defendant Fredericks (and others) an inmate complaint form concerning the incident. The complaint form describes the alleged strip search and certain allegedly vulgar and derogatory comments (Exhibit B to Complaint at pp. 1-2). The complaint form does not mention any alleged contact between Defendant Barrios' flashlight and Plaintiff's buttocks. Id.
///

1 | Plaintiff also alleges she later sent a letter of complaint to
2 | Defendant Baca. The letter to Defendant Baca states, in pertinent
3 | part, "I have been degraded and harassed by deputies doing strip
4 | search in the hallway of the 5000 floor, making sexual comments to me
5 | while strip searching me" (Exhibit C to Complaint). This letter does
6 | not name any deputy or deputies, and does not allege any touching of
7 | Plaintiff's buttocks with a flashlight or otherwise.

9 | Plaintiff further alleges she later sent another letter of
10 | complaint to Sergeant Fredericks. This letter refers to having sent
11 | to Sergeant Fredericks' office six inmate complaints for investigation
12 | (Exhibit B to Complaint at pp. 3-4). The letter does not mention
13 | Defendant Barrios or the March 30, 2006 alleged incident. Id.

15 | Plaintiff also alleges she sent other communications of
16 | complaint, directly and through the ACLU, to various persons employed
17 | by the County of Los Angeles. One of these communications, an
18 | administrative claim for damages against the County, enumerates nine
19 | separate grievances (Exhibit A to Complaint at pp. 2-4). Included
20 | among the nine grievances is an allegation that an unnamed "sheriff
21 | deputy used degrading sexual misconduct as a form of harassment
22 | towards Alexis Bell." The County denied the entire administrative
23 | claim, stating that "[i]nvestigation of this matter fails to indicate
24 | any liability on the part of the County of Los Angeles" (Exhibit A to
25 | Complaint at pp. 7-8).

27 | Plaintiff does not argue that Defendant Baca or Defendant
28 | Fredericks knew or should have known that Defendant Barrios might

assault Plaintiff on March 30, 2006. Rather, Plaintiff argues that the alleged failure of Defendants Baca and Fredericks to respond to Plaintiff's subsequent complaints regarding the incident assertedly subjected Plaintiff to fear of "further degrading abuse" (Opposition to Motion by Defendant Baca and Defendant Fredericks at p. 9).

Plaintiff attempts to allege a <u>Monell</u> claim against the County. However, Plaintiff does not present evidence of any policy, custom or usage of the County causally related to the March 30, 2006 alleged incident (other than the alleged incident itself). Plaintiff does refer to a general policy of segregating transgendered inmates from the general inmate population, a policy Plaintiff does not challenge. Plaintiff also complains of the denial of her administrative claim.

Plaintiff attempts to maintain claims under the First, Eighth, Fourth and Fourteenth Amendments and also under the Prison Rape Elimination Act (42 U.S.C. §§ 15601 <u>et seq.</u>). Plaintiff seeks, <u>inter alia</u>, damages, injunctive relief and declaratory relief.

**STANDARDS GOVERNING SUMMARY JUDGMENT**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party moving for summary judgment bears the initial burden of offering proof of the absence of any genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

1  The Court must view the evidence "through the prism of the
2  substantive evidentiary burden." Anderson v. Liberty Lobby, 477 U.S.
3  242, 252 (1986). A moving party who does not carry the ultimate
4  burden of persuasion at trial bears the initial burden of production
5  and the ultimate burden of persuasion on a motion for summary
6  judgment. Nissan Fire & Machine Ins. Co., Ltd. v. Fritz Companies,
7  Inc., 210 F.3d 1099, 1102 (9th Cir. 2000) (citation omitted). "In
8  order to carry its burden of production, the moving party must produce
9  either evidence negating an essential element of the nonmoving party's
10 claim or defense or show that the nonmoving party does not have enough
11 evidence of an essential element to carry its ultimate burden of
12 persuasion at trial [citation]." Id.; see Celotex Corp. v. Catrett,
13 477 U.S. at 322.

15 Once the moving party's burden is met, the party opposing the
16 motion is required to go beyond the pleadings and, by the party's own
17 affidavits or by other evidence, designate "specific facts showing
18 that there is a genuine issue for trial." Fed. R. Civ. P. 56(e);
19 Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993). Where the
20 nonmoving party is the plaintiff who bears the ultimate burden of
21 persuasion at trial, the plaintiff "'must produce at least some
22 significant probative evidence tending to support the complaint.'"
23 Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir. 1990)
24 (citation omitted); see also Anderson v. Liberty Lobby, 477 U.S. at
25 252 ("mere existence of a scintilla of evidence in support of the
26 plaintiff's position will be insufficient").
27 ///
28 ///

A moving party who bears the burden of persuasion at trial, such as Plaintiff, must produce evidence sufficient for the court to hold that no reasonable trier of fact could find other than for that moving party. Figueroa v. Gates, 207 F. Supp. 2d 1085, 1087 (C.D. Cal. 2002); see Albee Tomato, Inc. v. A.B. Shalom Produce Corp., 155 F.3d 612, 618 (2d Cir. 1998) (where moving party bears burden of proof, "its own submissions in support of the motion must entitle it to judgment as a matter of law [citation]"); Torres Vargas v. Santiago Cummings, 149 F.3d 29, 35 (1st Cir. 1998) (party with burden of proof on issue cannot obtain summary judgment "unless the evidence that he provides on that issue is conclusive [citation]"); Synbiotics Corp. v. Heska Corp., 137 F. Supp. 2d 1198, 1201-02 (S.D. Cal. 2000) (moving party who bears burden of proof "must make an affirmative showing so compelling that no rational jury would fail to award judgment for the moving party"; citations omitted); W. Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 487-88 (1984). "This means that, if the moving party has the burden of proof at trial, that party must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in its favor." Figueroa v. Gates, 207 F. Supp. 2d at 1087 (citation omitted; original emphasis).

Only admissible evidence may be considered by the court in ruling on a motion for summary judgment. Beyene v. Coleman Security Services, Inc., 854 F.2d 1179, 1181-82 (9th Cir. 1988). A verified complaint may constitute an affidavit within the meaning of Rule 56(e) of the Federal Rules of Civil Procedure to the extent that the complaint demonstrates that the plaintiff has personal knowledge of

the matters stated therein.[1] See Schroeder v. McDonald, 55 F.3d 454, 460 (1995). However, the Court may not consider factual allegations contained in a plaintiff's unsworn opposition memoranda. See S.A. Impresa De Viacao Aerea Rio Grandense v. Walter Kidde and Co., 690 F.2d 1235, 1238 (9th Cir. 1982) ("a party cannot manufacture a genuine issue of fact merely by making assertions in its legal memoranda") (citations omitted); Beard v. Glickman, 189 F. Supp. 2d 994, 998 (C.D. Cal. 2001) (same).

The inferences drawn from the underlying facts must be construed in the light most favorable to the party opposing the motion. Valandingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir. 1989). Where different ultimate inferences can be drawn, summary judgment is inappropriate. Sankovich v. Life Ins. Co. of North America, 638 F.2d 136, 140 (9th Cir. 1981). "The court does not weigh the evidence or determine the truth of the matter; rather, the court only decides whether there is a genuine issue of material fact for trial." United States v. Muckleshoot Indian Tribe, 235 F.3d 429, 432 (9th Cir. 2000), cert. denied, 534 U.S. 950 (2001) (citation omitted).

A factual dispute is "genuine" only if there is a sufficient evidentiary basis upon which a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. at 248. A factual dispute is "material" only if it might affect the

---

[1] The Court has taken judicial notice of its own files. To the extent Plaintiff's "Request for Judicial Notice etc.," filed May 30, 2008 and "Request for Judicial Notice etc.," filed June 20, 2008 seek other relief, the requests are denied.

outcome of the lawsuit under governing law. Id.; see also Arpin v. Santa Clara Valley Transportation Agency, 261 F.3d 912, 919 (9th Cir. 2001) ("Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment [citation]"). "The underlying substantive law governing the claims determines whether or not [a factual dispute] is material." Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000) (citation omitted).

## DISCUSSION

I. **As a Matter of Law, Defendants' Alleged Non-Responsiveness to Plaintiff's Post-Incident Complaints Did Not Violate Plaintiff's First Amendment Rights.**

Defendants' alleged failure to investigate or otherwise respond to Plaintiff's post-incident complaints did not violate Plaintiff's First Amendment rights. While inmates may enjoy a First Amendment right to file prison grievances, see Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005), inmates have no "separate constitutional entitlement to a specific prison grievance procedure." See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004) (citation omitted). The failure of jail officials to process or to respond to a particular grievance does not violate the Constitution. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir.), cert. denied, 488 U.S. 898 (1988); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); Morris v. Newland, 2007 WL 707525, at *7 (E.D. Cal. Mar. 6, 2007), adopted, 2007 WL 987846 (E.D. Cal. Mar. 30, 2007) ("a

8

failure to process a grievance does not state a constitutional violation") (citation omitted); Alonzo v. Squyres, 2002 WL 1880736, at *1 (N.D. Cal. Aug. 9, 2002) ("Although there certainly is a right to petition the government for redress of grievances (a First Amendment right), there is no right to a response or any particular action.") (citations omitted); see also Baltoski v. Pretorius, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) ("[t]he right to petition the government for redress of grievances, however, does not guarantee a favorable response, or indeed any response, from state officials").

II. **Defendants County of Los Angeles, Baca and Fredericks Are Not Vicariously Liable for the Alleged Actions of Defendant Barrios.**

Plaintiff may not sue the County of Los Angeles on a theory of respondeat superior, which is not a theory of liability cognizable under 42 U.S.C. section 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003). A municipal entity may be held liable only if the alleged wrongdoing was committed pursuant to a municipal policy, custom or usage. See Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 402-04 (1997); Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978) ("Monell").

Similarly, an individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection

between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff may not sue any supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. See Polk County v. Dodson, 454 U.S. at 325. To prove a claim against any individual defendant, the plaintiff must show that the individual defendant participated in or directed the alleged violation, or knew the violation was occurring and failed to act to prevent the violation. See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

III. **There Exists No Triable Issue of Fact Regarding the Alleged Liability of the County of Los Angeles Under a Monell Theory.**

Plaintiff has failed to submit any evidence (as distinguished from conclusory allegation) that any policy, custom or usage of the County of Los Angeles infringed Plaintiff's constitutional rights in connection with the alleged March 30, 2006 incident or otherwise. "A plaintiff cannot demonstrate the existence of a municipal policy or custom based solely on a single occurrence of unconstitutional action by a non-policymaking employee." McDade v. West, 223 F.3d 1135, 1141 (9th Cir. 2000), accord Levine v. Alameda, 525 F.3d 903, 907 (9th Cir. 2008). Plaintiff alleges a policy of segregating transgendered inmates from the general population, but such policy plainly did not have any causal relationship to the alleged March 30, 2006 incident. Plaintiff alleges that the County subsequently denied Plaintiff's

administrative claim, but the mere denial of a claim or complaint is insufficient to raise a triable issue regarding an allegedly unconstitutional municipal policy, custom or usage. See, e.g., Hocking v. Roseville, 2008 WL 1808250 *7 (E.D. Cal. Apr. 22, 2008).

### IV. Plaintiff Has Failed to Raise Any Triable Issue of Fact Regarding Defendant Baca's or Defendant Frederick's Alleged Violations of Plaintiff's Constitutional Rights.

Although Plaintiff alleges Eighth Amendment violations, the Eighth Amendment's prohibition against cruel and unusual punishment applies only after conviction. Pierce v. Multnomah County, Oregon, 76 F.3d 1032, 1042 (9th Cir.), cert. denied, 519 U.S. 1006 (1996). The same standards generally apply to pretrial detainees under the Due Process Clause, however. Lolli v. County of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003) (citations omitted); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1187 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003); Johnson v. Meltzer, 134 F.3d 1393, 1398 (9th Cir.), cert. denied, 525 U.S. 840 (1998).

Jail officials violate the Constitution if they are "deliberately indifferent" to a "substantial risk of serious harm" to an inmate. Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994) (applying Eighth Amendment standard); see Gibson v. County of Washoe, Nev., 290 F.3d at 1187 (applying due process standard). To be liable for "deliberate indifference," a jail official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference."

Farmer v. Brennan, 511 U.S. at 837. "[A]n official's failure to alleviate a significant risk that he [or she] should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment." Id. at 838.

From the evidence presented in the instant case, no reasonable trier of fact could conclude that Defendants Baca or Fredericks actually inferred that there would exist a substantial risk of serious harm to Plaintiff unless Baca and Fredericks acted in response to Plaintiff's communications of complaint. The communication to Defendant Baca did not mention Defendant Barrios or any unwanted sexual touching. One of the communications to Defendant Fredericks mentioned Defendant Barrios but none of the communications to Defendant Fredericks complained of any unwanted sexual touching. Neither Defendant had any reason to believe that failure to act in response to Plaintiff's communications exposed Plaintiff to any substantial risk of future serious harm. Moreover, there is no evidence that either Defendant actually inferred such a belief, reasonable or otherwise. Accordingly, Plaintiff has failed to raise a triable issue of fact regarding Plaintiff's constitutional claims.

V.  **Plaintiff's Citation of the Prison Rape Elimination Act Does Not Affect the Court's Analysis.**

Plaintiff has no claim under the Prison Rape Elimination Act; the Act does not create a private right of action. See Pirtle v. Hickman, 2005 WL 3359731 *1 (D. Idaho Dec. 9, 2005); see also Blessing v. Freestone, 520 U.S. 329, 340-41 (1997) (a particular statutory

provision gives rise to a federal right enforceable under section 1983 only where, <u>inter alia</u>, the statute "unambiguously imposed a binding obligation on the States" by couching the pertinent statutory requirements "in mandatory, rather than precatory, terms").

VI. **Plaintiff's Claims for Injunctive and Declaratory Relief Are Moot.**

Plaintiff's claims for injunctive and declaratory relief regarding conditions in Los Angeles County Sheriff's custody fail for an independent reason. These claims are moot because Plaintiff no longer is in Los Angeles County Sheriff's custody. <u>See</u> <u>Dilley v. Gunn</u>, 64 F.3d 1365, 1368 (9th Cir. 1995) (claim for injunctive relief regarding conditions of confinement at one prison is rendered moot upon transfer to another prison); <u>Spears v. Thigpen</u>, 846 F.2d 1327, 1328 (11th Cir. 1988), <u>cert. denied</u>, 488 U.S. 1046 (1989) ("absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred").[2] The Court has no authority to decide "questions that cannot affect the rights of litigants in the case before [it]." <u>DeFunis v. Odegaard</u>, 416 U.S. 312, 316 (1974) (citation and internal quotations omitted).

///
///

---

[2] Plaintiff also has failed to show any "reasonable expectation" or "demonstrated probability" that she will again return to Los Angeles County Sheriff's custody. <u>See</u> <u>Darring v. Kincheloe</u>, 783 F.2d 874, 876 (9th Cir. 1986).

## VII. Plaintiff's Invocation of Rule 56(f) Does Not Justify the Denial of the Motions or the Postponement of Adjudication.

Rule 56(f) of the Federal Rules of Civil Procedure justifies the denial of a summary judgment motion or the postponement of adjudication when the party opposing the motion "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." Plaintiff attempts to invoke Rule 56(f), generally alleging that discovery is unfinished "and plaintiff needs additional time for discovery in order to defend from the defendants [sic] Motion for Summary Judgment . . ." (Opposition to Motion of Baca and Fredericks at p. 14; Opposition to Motion of County at p. 14).

Plaintiff's attempted invocation of Rule 56(f) is unavailing. Plaintiff has failed to meet her burden of showing she diligently pursued discovery and that additional discovery would preclude summary judgment. See Maljack Productions, Inc. v. Goodtimes Home Video Corp., 81 F.3d 881, 888 (9th Cir. 1996); Qualls v. Blue Cross of California, Inc., 22 F.3d 839, 844 (9th Cir. 1994) (it is an abuse of discretion to deny Rule 56(f) motion only if movant diligently pursued discovery opportunities and can show how allowing additional discovery would have precluded summary judgment). Plaintiff offers only generalized speculation regarding whether additional discovery might reveal anything that would have any bearing on the motions for summary judgment. Moreover, Plaintiff has not been entirely diligent in pursuing discovery. Plaintiff filed a discovery motion less than a week before the discovery cut-off. The Magistrate Judge denied the motion without prejudice, finding that Plaintiff previously had failed

to make a good faith effort to resolve the discovery disputes. See June 17, 2008 Minute Order.

## CONCLUSION

For the foregoing reasons, summary judgment is granted in favor of Defendants County of Los Angeles, Sheriff Leroy D. Baca and Sergeant Fredericks.[3]

IT IS SO ORDERED.

DATED: *August 25*, 2008.

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE

PRESENTED this 26th day of June, 2008, by:

_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3] In light of this result, the Court need not and does not determine the applicability of the doctrine of qualified immunity. See Saucier v. Katz, 533 U.S. 194, 201 (2001).